Putnam J.
dissenting. With great respect for my learned brethren, I am of opinion that the plaintiff ought not to retain this verdict. It is not secundum allegata et probata. The declaration is upon an injury to the possessory right to the whole mill, during the whole time set forth, and the verdict has been found accordingly. The proof is, that the possession (except of a moiety for a part of the time) was in lessees at will. They, and not the lessor, Were entitled to the damage for the diminution of the daily profits, for which the plaintiff has declared. So that the plaintiff has, by his own showing, recovered by this verdict what did not belong to him. The defendants made their objection as soon as the plaintiff disclosed his evidence, and the case is to be considered as it stood when the objection was made, and is not to be aided by the verdict. The objection was, that the evidence proved that, during part of the time, the plaintiff had leased one moiety to his Son as a tenant at will, who with the plaintiff jointly was in the actual occupation, and during the residue of the time, the plaintiff had. leased the whole to tenants at will, who had the actual possession ; so that the plaintiff had not, at any part of the time set forth, the exclusive possession of the whole. The plaintiff replied, that it was matter in abatement, if the lessee *209 at will should have joined in- the action with the plaintiff for the time they were jointly possessed. Supposing that to be so, the consequence would not follow, that the plaintiff should recover for more than belonged to him. The jury should have been instructed to find for the plaintiff for one moiety of the damage arising during their joint possession. The lessee at will, who occupied the other moiety, is entitled to recover the damage to his moiety. Where the defendant does not plead the nonjoindei of the plaintiffs in abatement, he is to have the benefit of the fact in the apportionment of the damages. He is not obliged to plead in abatement. He may be willing to answer to the suit of each separately, but that is the extent of the admission by waiving the plea in abatement. The one who sues for the whole, but proves that another was entitled to a moiety, shall not be permitted to recover more than a moiety. 1 Cbitty on PI. 53 ; Bloxam v. Hubbard, 5 East, 407 ; Addison v. Overend, 6 T. R. 770. And the lessees at will would have been entitled to the damages for the obstruction, during the residue of the time, when they were in possession. But the Court permitted the evidence to go to the jury as sufficient to warrant the verdict for the whole claim for which the plaintiff declared, which was for the damage to the possessory right of the whole of the mill for the whole of the time declared upon. I think the evidence which the plaintiff offered supported the declaration so far only as I have above stated. To that extent only did the plaintiff prove any injury to his possessory right.
It is true, indeed, that the evidence further proved an injury to the inheritance, viz. in the compelling the plaintiff to reduce his rents in consequence of the same injurious act. But the plaintiff has no count in his declaration upon that cause of action, and cannot therefore avail himself of the evidence to support a verdict for that cause. If a stranger, for example, should cut down a tree bearing fruit, upon land leased to a tenant at will, the tenant could maintain an action for the loss of the fruit, the landlord for the destruction of the tree. But if the landlord should sue and declare only for the fruit during the continuance of the lease, he could not recover ; because it belonged to his tenant. And it would not make the land *210 lord’s case any better, if he went on with his evidence and proved that the stranger not only took away the fruit, but that he cut down the tree also ; for the plain reason, that the stranger was not sued for cutting down the tree, but merely for taking the fruit. The general rule certainly is, that in an action of trespass the plaintiff cannot give in evidence any injury which is not charged in the declaration. The only exception that I recollect, is where the injury complained of arises ex turpi causa; in which case the plaintiff is not obliged to set that forth at large upon the record ; but in all other cases of trespass, the special matter for which the damages shall be given must be set forth in the pleading. As, for taking a horse, no other matter is to be given in evidence except that which is expressed in the declaration. Sippora v. Bassett, 1 Sid 225 ; Bac. Abr. Tresp. K. So if a declaration be for cutting down trees, the plaintiff cannot recover by proof that the defendant lopped the trees.
I consider it to be very clear, that the causes of action oí the lessee (no matter whether at will or for years) are distinct from those of the lessor. If the action be by the lessor for damage done to the inheritance or reversionary interest, he must state particularly his estate and the manner in which the injury has been done, as in Jesser v. Gifford, 4 Burr. 2141, for obstructing the plaintiff’s lights : and in Leader v. Moxton, et al. 3 Wils. 461, for raising the street in front of the plaintiff’s houses, obstructing the passage, &c. Beddingfield v. On-slow, 3 Lev. 209. The doctrine that the lessor and lessee may each have a remedy was recognised in Starr v. Jackson, 11 Mass. R. 519. They (says the Chief Justice) are both injured, but in different degrees : the tenant in the interruption to his estate, and the diminution of his profit; and the landlord in the more permanent injury to his property, — and damages are to be recovered according to the respective interests of the several parties. Vide 2 Chitty’s PI. 386, count by tenant at will, &c. The damage which a lessee sustains from deprivation of the profits of his land is recoverable in an action of trespass. 19 H. 6. 45. And the lessor may recover for the destruction of his land by digging, &c. Co. Lit. 57, S. P. And if the damage arise to the lessee and to the *211 reversioner by the same unlawful act, each is to recover for the damage severally sustained. 12 H. 6. 4. pi. 11 ; 2 Roll. Abr. Tresp. N, pi. 3, 4, 5, 7.
But I think this Court has heretofore adjudicated upon the legal effect of the evidence produced. It is precisely like that which was offered in Baker v. Sanderson, 3 Pick. 352. In that case the action was for causing water to flow back upon the plaintiff’s mill; and the evidence was, that for a part of tire time the mill was occupied and possessed by the plaintiff, and part of the time by his tenants at will, and that the plaintiff was obliged to reduce his rent. There were two counts ; the first was upon his possession ; the second for the injury to the inheritance. in being obliged to reduce his rents. The defendant objected that the plaintiff could not recover on the second count as the possession was in the tenants; but the Court overruled the objection, because the second count described the injury to the reversionary interest which was proved. The Court held that the evidence applied partly to one count and partly to the other ; ” — “ so that both counts were supported by the evidence and were necessary.” The Comí further held, that this objection would have been insuperable, had it not been alleged, that the plaintiff, in consequence of the obstructions complained of, had reduced his rents, at the request of the tenants, they threatening to quit unless he would agree to a fair reduction,” &c.
As in the case at bar such an objection is made, and there is no such comit or allegation, I still think the objection “ is insuperable.”
I know it may be suggested, that the plaintiff discloses a good cause of action, and that substantial justice has been done ; but with great submission, I do not think substantial justice has been done, according to the case stated by the plaintiff and the evidence which he produced in support of it. He has been permitted to recover for daily profits, which upon his own showing belonged to his tenant ; or for damage to his reversionary interest, for which he has not declared.
The course upon the trial, I think, was clear. The plaintiff should have prayed for leave to amend by adding a second count like that which we thought to be necessary in the case *212 of Baker v. Sanderson, and such an amendment would have been granted upon terms. If the plaintiff had elected to proceed upon the evidence he offered, the jury should have been instructed to ascertain the damage to the plaintiff’s, moiety during the time he was in possession, and to have found a verdict for that only. And the damage for the obstruction during the rest of the time, when the tenants had the exclusive possession, should not have been found for the plaintiff, who was suing and declaring merely for an injury to his possessory right.